UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert F. Reed,

Plaintiff,

Civil File: 00-CV-2469 DSD/JGL

vs.

**PROTECTIVE ORDER**

SuperValu, Inc.,

Defendant.

It is hereby stipulated and agreed by and between Plaintiff Robert Reed and Defendant SUPERVALU INC. ("SuperValu"), through their respective counsel, that the following provisions and conditions shall govern the parties:

1. Until further Order of the Court or stipulation of the parties, any and all (a) documents and depositions which are produced, given, returned, or supplied by the parties to this action or the parties' experts; (b) extracts and summaries prepared from such materials; (c) information contained in or obtained from such materials; and/or (d) those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to such materials, shall be subject to this Stipulation and Protective Order Regarding Confidential and Proprietary Information (hereinafter "Protective Order"), provided that such documents are designated as "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" pursuant to this Stipulation.

2. A party to this action may designate any of the materials listed in Paragraph 1 under one of two categories: "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY." The category of documents labeled "CONFIDENTIAL" refers to all materials

FILED 2-16-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

deemed by the producing party to constitute, contain, or reflect trade secrets or other confidential research, development, or commercial information properly within the scope of Minn. R. Civ. P. 26.03(g), or to contain confidential information regarding former SuperValu employees. The category of documents labeled "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" refers to all material deemed by the producing party to be highly sensitive because it contains confidential information regarding current SuperValu employees with whom Plaintiff continues to work. Designation shall be made by stamping as "CONFIDENTIAL" or "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" any document that is to be covered by this Protective Order and/or by designating deposition testimony as confidential by identifying the portion or portions of the deposition transcript to be considered confidential on the record during such deposition or within thirty (30) days after the party desiring such designation receives the transcript of such deposition. The parties will designate documents "CONFIDENTIAL" and "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" in good faith.

3. Materials subject to this Protective Order shall be used only for the purposes of this litigation and not for any other purpose whatsoever.

4. Materials designated as "CONFIDENTIAL" shall not be given, shown, made available, or communicated in any way to anyone other than:

a. The attorneys of record for the parties and their office staff who must be shown the information for purposes of this litigation;

b. The parties themselves, including upper management at the corporate entities;

c. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of this litigation;

d. The Court, if required in any further proceeding herein;

e. Outside consultants and experts retained by the parties for the purpose of assisting in preparation for trial; or

f. Courts and/or administrative bodies, upon subpoena.

5. Matcrials designated as "CONFIDENTIAL-FOR ATTORNEYS' EYES ONLY" shall not be given, shown, made available, or communicated in any way to anyone other than:

a. The attorneys of record for the parties and their office staff who must be shown the information for purposes of this litigation;

b. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of this litigation;

c. The Court, if required in any further proceeding herein; or

d. Outside consultants and experts retained by the parties for the purpose of assisting in preparation for trial.

6. Before making disclosure of materials subject to this Protective Order to any of the individuals/entities set forth in ¶¶ 4 (e) and 5 (d), an agreement in writing (per the form attached as Exhibit A) must be obtained from such individual(s), wherein the individual acknowledges that he or she has read a copy of this Protective Order and agrees to be bound by its provisions.

7. If materials subject to this Protective Order are filed with the Court, they shall be filed under seal and in an envelope bearing the following description:

**CONFIDENTIAL**
**This envelope contains confidential information subject to a Protective Order and is not to be opened except pursuant to authority of the Court.**

8. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material(s) subject to this Protective Order, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may

take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material(s) subject to this Protective Order.

9. On final termination of this action, including all appeals, each attorney of record shall be responsible for returning to the opposing attorney of record the original and copies of all materials subject to this Protective Order, including all excerpts and summaries thereof, except that each attorney of record may retain all memoranda and correspondence derived from discovered information for purposes of keeping a legal file. Despite final termination of this action, this Order shall continue to apply to all materials covered by this Protective Order, and the Court may retain jurisdiction for the purpose of assuring compliance with this Protective Order and granting such other and further relief as may be necessary.

10. The parties will make good faith attempts to resolve between themselves any disputes regarding particular designations of confidentiality. If the parties are unable to resolve any such dispute, any party may proceed by notice of motion and motion to the Court to determine the propriety of such designation.

11. The counsel of record are responsible for employing reasonable measures to control, consistent with this Protective Order, the duplication of, access to, and distribution of copies of materials covered by this Protective Order.

12. The counsel of record hereby apply to the Court for an entry of an Order in accordance with this Stipulation and Protective Order Regarding Confidential and Proprietary Information.

13. Nothing in this Order shall prevent any party or non-party from seeking a modification of this Order or objecting to discovery which it believes to be otherwise improper.

**SO STIPULATED:**

Dated: 2/15, 2001

DORSEY & WHITNEY LLP

By ______________________
Robert L. Hobbins (#045573)
Holly S. A. Eng (#238028)
Natalie Wyatt-Brown (#260757)
Pillsbury Center South, Suite 1300
220 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
SUPERVALU INC.

Dated: 2/13, 2001

JACKSON & WARD, L.L.C.

By ______________________
Toni Michelle Jackson (#220048)
Lateesa T. Ward (#218030)
2520 Park Avenue S.
Carriage House
Minneapolis, MN 55404
Telephone: (612) 872-1100

Attorneys for Plaintiff
Robert Reed

**ORDER**

Based upon the agreement of counsel as stipulated herein above, and upon the files and records herein, **IT IS SO ORDERED.**

Dated: Feb. 16, 2001

The Honorable David S. Doty

# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

### *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

### *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.